# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL NO. 1:21-cv-00341-MR-WCM

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER AND DEFAULT JUDGMENT OF FORFEITURE** |
| APPROXIMATELY $5,595.00 IN U.S. CURRENCY seized from William Keeion Smith on or about May 14, 2021, in Henderson County, North Carolina, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Government's Motion for Default Judgment [Doc. 13].

On November 15, 2021, the Government filed a verified Complaint for Forfeiture *in Rem*, alleging that th

e $5,595.00 in U.S. Currency ("the Defendant Currency") seized from William Keeion Smith on or about May 14, 2021, is subject to civil forfeiture under 21 U.S.C. § 881(a)(6). [Doc. 1]. On November 16, 2021, the Clerk issued a Warrant of Arrest *in Rem* for the Defendant Currency. [Doc. 2].

After the Government filed its Complaint, and in accordance with Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and

Asset Forfeiture Actions, the Government provided direct notice of this action to known potential claimants. Specifically, on November 18, 2021, the Government mailed notice and a copy of the Complaint to Mr. Smith and Mr. Smith's attorney, Noell P. Tin. Additionally, in accordance with Supplemental Rule G(4)(a), the Government provided notice by publication as to all persons with potential claims to the Defendant Currency by publishing notice via www.forfeiture.gov for 30 consecutive days, beginning on November 19, 2021. [Doc. 8-1].

The Government has taken reasonable steps to provide notice to known potential claimants, and the Government has otherwise complied with the notice requirements set forth in Supplemental Rule G(4). During the pendency of this action, no individual or entity other than Mr. Smith has claimed an interest in the Defendant Currency. On April 28, 2022, the Government filed a motion for entry of default as to all persons and entities other than Mr. Smith [Doc. 11], and on April 29, 2022, the Clerk entered default. [Doc. 12].

Pursuant to Fed. R. Civ. P. 55(b)(2), the Government now requests that the Court enter a Default Judgment of Forfeiture as to all persons and entities with respect to the Defendant Currency other than Mr. Smith, whose

claim was resolved pursuant to the terms of a settlement agreement. See United States v. 15 Trimont Lake Road, No. 2:10-cv-16, 2011 WL 309921 (W.D.N.C. Jan. 28, 2011) (entering Default Judgment of Forfeiture as to all other persons and entities when a claimant entered into settlement agreement).

After careful review, the Court finds that the Government's motion should be granted.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Government's Motion for Default Judgment [Doc. 13] is hereby **GRANTED**, and judgment is entered in favor of the United States against all persons and entities with respect to the Defendant Currency other than Mr. Smith, whose claim to the Defendant Currency was resolved pursuant to the terms of a settlement agreement.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, with the exception of the amount to be returned to Mr. Smith under the terms of the settlement agreement, any right, title and interest of all other persons and entities to the Defendant Currency is hereby forfeited to the United States, and no other right, title, or interest shall exist.

The United States Marshal is hereby directed to dispose of the Defendant Currency as provided by law, consistent with the terms of the settlement agreement with Mr. Smith.

**IT IS SO ORDERED.**

Signed: May 11, 2022

Martin Reidinger
Chief United States District Judge

4